IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ALBERT RICHARDSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 09-cv-152-DRH |
| | ) |
| **RONALD MATTHEWS,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Plaintiff, an inmate at the Terre Haute Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks compensatory, consequential, actual, future and punitive damages as relief for the use of excessive force during his 2004 arrest. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

**THE COMPLAINT**

Because Plaintiff Richardson has filed an amended complaint (Doc. 5), this Court will take the amended complaint as the comprehensive statement of Richardson's allegations and claims. Richardson alleges that on February 28, 2004 he was arrested for fleeing and eluding a police officer. Defendant Perry placed Richardson under arrested and handcuffed him behind his back. At that time, Defendant Qattoum began beating Richardson with his pistol. Perry and Defendant "John Doe" stood by while the alleged beating took place. Afterwards, Richardson was transported to St. Mary's Hospital. Richardson says Perry tricked him into signing a form whereby he refused medical tratemsnt and he was taken to the East St. Louis City Jail. Richardson claims he reported his beating to several different officers. He also claims that Defendant Matthews contacted him in April of 2004 and said there was an internal investigation into officers Perry and Qattoum. Matthews told Richardson that the city would settle his complaint as long as he did not file a lawsuit. When Richardson followed up with the City Manager's office in June 2007, he was told no settlement had ever been recorded. Richardson implicates Matthews, Defendant Carson-Slaughter, Defendant McIntosh, and Defendant Officer in hiring Qattoum, and covering up the evidence of his mis-deeds. Plaintiff's complaint asserts the following claims:

   **COUNT 1:** Excessive Use of Force

   **COUNT 2:** Failure to Intervene

   **COUNT 3:** Failure to Instruct, Supervise, Control and Discipline

   **COUNT 4:** Failure to Screen Employees

   **COUNT 5:** Battery as against Defendants Qattoum and Perry

**COUNT 6:** Assault and Battery as against Defendants City of East Saint Louis, East St. Louis Police Department, Ronald Matthews, Rudy McIntosh and Carl Officer

**COUNT 7:** Intentional Infliction of Emotional Distress

**COUNT 8:** Conspiracy to deprive Civil Rights

## DISCUSSION

Title 42 U.S.C. § 1983 provides a private remedy for protecting constitutional rights. *Albright v. Oliver*, 114 S.Ct. 807, 811 (1994). "Section 1983 'is not itself a source of substantive rights' but merely provides a 'method for vindicating federal rights elsewhere conferred.'" *Albright*, 114 S.Ct. at 811 (emphasis added) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). In a Section 1983 case, courts look to the personal injury laws of the state where the injury occurred to determine the statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985). Illinois law provides a two-year statute of limitations for personal injury actions. 735 ILCS 5/13-202. Therefore, Section 1983 claims arising in Illinois are governed by a two-year statute of limitations. *See Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993); *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992). Federal law, however, governs the accrual of such claims. *Kelly*, 4 F.3d at 511.

A § 1983 claim accrues when "a plaintiff knows or should know that his or her constitutional rights have been violated." *Kelly*, 4 F.3d at 511. The Seventh Circuit has held that an action under § 1983 based on the Fourth Amendment accrues at the time of the arrest and search. *Giesen*, 956 F.2d at 740 (*citing Rinehart v. Locke*, 454 F.2d 313, 315 (7th Cir. 1971); *Parks v. Maule*, No. 93 C 6258, 1994 WL 275015, at *3 (N.D.Ill. June 20, 1994).

In this case, the incident in question happened on February 28, 2004, thus his Section 1983 action should have been filed within two years, or by February 28, 2006. However, plaintiff did not

file this action until February 25, 2009, almost three years too late. Therefore, since plaintiff's complaint was not filed within the statute of limitations period, his Counts 1 through 7 does not survive review under 28 U.S.C. § 1915A.

Construing Richardson's complaint liberally, the Court will take Count 8 as attempting to assert a claim under 42 U.S.C. § 1985. Although Richardson also mentions 42 U.S.C. §1986, any damages recoverable under that section would be barred because actions under § 1986 must be brought within one year. *See* 42 U.S.C. § 1986.

The Seventh Circuit has held that unlike § 1983, § 1985 is not governed by a two-year statute of limitations under Illinois law. *Walker v. Harlib,* 253 F.2d 59, 63 (7th Cir. 1958); *see also Beard v. Robinson,* 563 F.2d 331, 336 (7th Cir. 1977). Rather, the proper statute of limitations is five years. *Id.* Given that Richardson filed this complaint on February 25, 2009, three days before the five-year statute of limitations on his § 1985 claim would have run, the Court will not dismiss this claim on the basis of being time-barred.

A § 1985(3) claim,[1] however, does not create a claim for just any conspiracy. Instead, the conspiracy must be motivated by racial or other class-based discriminatory animus. *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008). Plaintiff does not allege facts indicating that the Defendants were motivated by such animus. Indeed, the thrust of Plaintiff's complaint is that the use of excessive force on him occurred not because of Plaintiff's race or class, but because of the City's alleged policy not to properly hire, train, and supervise its employees. Therefore, Count 8 of the complaint should be dismissed pursuant to 28 U.S.C. § 1915A.

---

[1] Because Plaintiff is not a government official and because he was not a party, witness or juror, neither § 1985(1) nor § 1985(2) apply to Plaintiff's case.

**<u>DISPOSITION</u>**

In summary, Plaintiff's complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED** with prejudice.  Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  All pending motions are **DENIED** as moot.

**DATED:** September 22, 2009.

/s/   DavidRHerndon
**DISTRICT JUDGE**